UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT JOHNSON,

        Plaintiff,

v.                                    Case No:  2:23-cv-577-JES-KCD

JUSTIN GRANT, AUSTIN BROWN,
and STEPHEN MATHEWSON,

        Defendants.

_____

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #32) and Plaintiff's Response (Doc. #33).

**I.   Background**

This is a civil rights case.  Plaintiff Robert Johnson is a prisoner of the Florida Department of Corrections ("FDOC").  He sues three corrections officers under 42 U.S.C. § 1983 for violating his constitutional rights.  Defendants Justin Grant, Austin Brown, and Stephen Mathewson seek dismissal of this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The Court recounts the factual background as pled in Johnson's Amended Complaint, which it must take as true to decide whether the Amended Complaint states a plausible claim.  See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On November 6, 2022, Defendant Austin Brown came to Johnson's cell to retrieve his lunch tray, and he said, "Inmate, let's get something straight, if you're going to be housed in my dorm, then you're not going to be filing grievances against my coworkers because if you want to take that route, I can make things really hard for you."  (Doc. #30 at 6-7.)  Johnson believes Brown was referring to several administrative grievances he filed against Brown's coworkers alleging sexual harassment and other misconduct. Brown then told Johnson, "since you don't want to give us a show"— which Johnson interpreted as posing nude and masturbating for gay male prison staff— "I'm taking all of your clothing."  (Id. at 7.)

Brown then radioed for backup and ordered Johnson to submit to hand restraints.  Johnson refused and requested to speak to the officer in charge, Lieutenant Bates.  Bates arrived and ordered Johnson to submit to hand restraints.  Johnson complied, and the officers confined Johnson to the shower next to his cell.  Johnson told Bates that Brown and another officer had been staring into his cell and motioning for him to masturbate for them, and that they were putting him on property restriction because he refused. Bates was unmoved, and Johnson was put on property restriction for 72 hours.

Brown and two other officers removed all items from Johnson's cell—including the mattress, bedding, and toiletries—and escorted him back to the cell wearing only a pair of boxers.  It was cold

in Johnson's cell because the window did not close, and the heater was broken.  Johnson asked Grant and other officers for a blanket and other comfort items but they refused.

On November 7, 2022, Johnson noticed cake crumbs on his food tray, but no cake.  He accuses Defendants of taking the cake to provoke him.

On November 8, 2022, Johnson received a disciplinary report for misuse of state property.  In it, Brown claims that on November 6, Johnson violated prison rules by hanging his sheet from the back window of his cell and scattering his property on his bunk.  Johnson claims the allegations in the report are false.  Later that day, Johnson heard Grant and Mathewson discuss using pepper spray on Johnson for filing sexual harassment complaints against them.

Johnson's 72-hour property restriction expired on November 9, 2022, but he did not receive his property until the next day.  Several items were missing, including toiletries, stationary, batteries, and food.  Defendants withheld state-issued clothing, bedding, and hygiene items for five more days.  On November 15, 2022, the warden and other high-ranking officials conducted a walk-through inspection of Johnson's dorm.  The warden ordered the return of Johnson's state-issued property, and Johnson received it later that day.

Johnson complained that sleeping without a mattress caused pain in his neck, shoulders, back, and knees. He also complained of a runny nose and numb feet from the cold. Johnson had a medical appointment to address the complaints on November 16, 2022. A nurse prescribed Ibuprofen, a pain relieving cream, and nasal spray and ordered an x-ray. The x-ray did not reveal any damage.

On November 17, 2022, Grant and Mathewson came to Johnson's cell to escort him to a hearing on the disciplinary report written by Brown. Johnson refused to attend the hearing, and the disciplinary team found Johnson guilty of misuse of state property.

Johnson asserts claims of First Amendment retaliation and Eighth Amendment cruel and unusual punishment against all Defendants. He also asserts state law claims against all Defendants: (1) civil conspiracy; (2) civil theft; (3) sexual harassment; (4) pain and suffering; and (5) mental anguish. He seeks compensatory, nominal, and punitive damages. Defendants argue Johnson fails to state a claim and raise the defense of qualified immunity.

**II.  Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned

with facts survive to the next stage of litigation.  The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  See Iqbal, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Johnson files his Amended Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).

Johnson is representing himself in this action.  Courts hold the pleadings of <u>pro se</u> litigants to a less stringent standard than pleadings drafted by attorneys.  <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  But courts do not have a duty to "re-write" a <u>pro se</u> litigant's complaint to find a claim.  <u>See</u> <u>Washington v. Dep't of Children & Families</u>, 256 F. App'x 326, 327 (11th Cir. 2007).

### III. Analysis

#### A. Shotgun Pleading

Defendants argue Johnson's Amended Complaint is an impermissible shotgun pleading.  The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015).  At first glance, Johnson's Amended Complaint appears to be the most common type of shotgun pleading identified in <u>Weiland</u>.  In the "Legal Claims" section, the complaint realleges and reincorporates all prior paragraphs.  However, the list of counts that follow state the specific factual basis for each claim.  Thus, the Amended Complaint gives Defendants fair notice of the grounds upon which each of Johnson's claims rest.  The Court will not dismiss it as a shotgun pleading.

#### B. Retaliation

"[T]he First Amendment prohibits officials from retaliating against prisoners for exercising their right of free speech by filing lawsuits or grievances." Mpaka v. Jackson Memorial Hospital, 827 F. App'x 1007, 1010 (11th Cir. 2020). To succeed on a retaliation claim, a prisoner must prove three elements: "(1) his speech was constitutionally protected; (2) he suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. (quoting O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011)). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).

Defendants concede the first element—prison grievances are protected speech. Their challenges to the second and third elements are conclusory, and they do not squarely address the allegations Johnson points to in his retaliation count. The only allegation they attack is Johnson's claim that Grant and Mathewson were staring and pointing at Johnson, which Johnson interpreted as a conspiracy to retaliate. But that allegation is not part of Johnson's retaliation claim.

Johnson alleges Defendants put him on 72-hour property restriction, refused to give him a blanket and toiletries during the property restriction, refused to return state issued property for an additional five days, and stole some of his personal property, all in retaliation for administrative grievances Johnson wrote against Defendants and other FDOC employees. Defendants fail to address any of these claims in their argument. Instead, they merely state that Johnson "fails to show any causation or that Defendants conduct rises to more than de minimis or trivial inconvenience." (Doc. #32 at 12). But Johnson established causation by stating that Brown admonished Johnson for filing grievances during the encounter that led Brown to write an allegedly false disciplinary report, and that report prompted the property restriction and other allegedly retaliatory deprivations. And the Court does not find the totality of those deprivations to be de minimis. They could deter a prisoner of ordinary firmness from filing grievances.

The Court will not dismiss the Johnson's retaliation claim.

### C. Cruel and Unusual Punishment

Johnson argues Defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment by putting him on property restriction—and thus depriving him of a mattress, blanket, clothing, and other comfort items—in a cell with a broken window and heater during a cold front.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (cleaned up).  The Eighth Amendment requires prison officials to "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Id. (internal quotation marks and citation omitted).

A conditions-of-confinement claim has an objective component and a subjective component.  The objective component requires a prisoner to "show that the challenged conditions were extreme and presented an unreasonable risk of serious damages to his future health or safety." Swain v. Junior, 958 F.3d 1081, 1088 (11th Cir. 2020) (internal quotation marks and citations omitted).  The subjective component requires a prisoner to show the defendant acted with deliberate indifference, which is akin to subjective recklessness as used in criminal law.  To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own misconduct caused a substantial risk of serious harm to the plaintiff." Wade v. McDade, --- F.4th ---, 2024 WL 3354963, at *7 (11th Cir. July 10, 2024).

Johnson does not satisfy the objective component or the subjective component.  Discomfort—even severe discomfort—is not

enough.  Chandler v. Crosby, 379 F.3d 1278, 1297 (11th Cir. 2004).
Johnson  does  not  allege  facts  suggesting  the  temperature  in  his
cell or his lack of access to bedding and other comfort items posed
an  unreasonable  risk  of  serious  damage  to  his  health  or  safety.
See O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016)
(finding no Eighth Amendment violation when an inmate alleged he
was  uncomfortably  cold  while  on  strip-cell  status  but  did  not
allege  details  about  the  actual  temperature  of  his  cell  or  the
degree  of  cold  he  experienced).   That  conclusion  is  supported  by
Johnson's  minor  and  temporary  injuries—a  runny  noes,  numb  feet,
and  pain  in  his  neck,  shoulders,  back,  and  knees.   Nor  does  he
plausibly  allege  that  any  defendant  was  subjectively  aware  that
his conduct created a substantial risk of serious harm to Johnson.

The Court will dismiss Johnson's Eight Amendment claim.

**D.** Qualified Immunity

When  government  officials  are  performing  discretionary
duties,  they  are  entitled  to  qualified  immunity  unless  the
plaintiff  shows  the  officials  "(1)  committed  a  constitutional
violation; and (2) that this violation was 'clearly established'
in law at the time of the alleged misconduct."   Edger v. McCabe,
84  F.4th  1230,  1235  (11th  Cir.  2023).   There  is  no  question
Defendants were acting within their discretionary authority when
Johnson's claims arose, so the burden shifts to him.

As explained above, the allegations in Johnson's Amended Complaint—accepted as true—establish that Defendants violated the First Amendment, but not the Eighth Amendment.   To overcome qualified immunity on his First Amendment claim, Johnson must show the violation was clearly established.   Courts recognize three ways to do so.  A plaintiff may (1) identify a materially similar case with facts similar enough to give the defendant notice, (2) identify a broader, clearly established principle of law that should control the novel facts of his case, or (3) show that the defendant's conduct so obviously violates the Constitution that prior case law is unnecessary.  Id.

Johnson cites three cases to show that disciplining prisoners for filing grievances is a clearly established violation of the First Amendment.  Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989) ("It seems clear that if appellant is able to establish that his discipline was the result of his having filed a grievance concerning the conditions of his imprisonment, he will have raised a constitutional issue"); Bridges v. Russell, 757 F.2d 1155 (11th Cir. 1985) (reversing dismissal of a retaliation claim when the plaintiff alleged he was transferred to a different prison in retaliation of filing a grievance); Hall v. Sutton, 755 F.2d 786, 787 (11th Cir. 1985) ("There is no question that state officials may not retaliate against a prison inmate for exercising his legal right to access to the courts.").  These cases—Wildberger

in particular—indeed demonstrate a clearly established legal principle that prison officials may not discipline inmates for filing grievances.  Defendants are not entitled to qualified immunity on Johnson's First Amendment claim.

### E. State-Law Claims

Johnson asserts five counts under state law.  Federal courts may exercise supplemental jurisdiction over state-law claims only in limited circumstances, such as "when the state claims arise out of a common nucleus of operative fact with a substantial federal claim."  Silas v. Sheriff of Broward Cnty., Fla., 55 F.4th 863, 865 (11th Cir. 2022) (internal quotation marks and citation omitted).  So before addressing the merits of each claim, the Court must decide whether to exercise supplemental jurisdiction over it.  The controlling inquiry is whether the state-law claims arise out of a common nucleus of operative fact with Johnson's First Amendment claim.

#### i. *Civil Conspiracy*

Johnson accuses Defendants of "meeting up at some time prior to, during, and/or after putting him on 72 hour property restriction, and reaching an agreement to put him on property restriction, to prolong returning his state issued and personal property, and to deny him comfort items, so as to basically torture him."  (Doc. #30 at 17.)  This claim arises out of the same facts

as his First Amendment claim, so the Court will exercise supplemental jurisdiction over it.

However, Johnson fails to state a claim for civil conspiracy. First, Florida does not recognize civil conspiracy as an independent tort.  United Techs. Corp v. Mazer, 556 F.3d 1260, 1281 (11th Cir. 2009) ("Under Florida law, a civil conspiracy must have as its object the commission of an underlying tort."). Johnson identifies the object of the alleged conspiracy as torture, which the Court interprets as a reference to his Eighth Amendment claim.  Because Johnson failed to state an Eighth Amendment claim, his conspiracy claim also fails.  See Turner v. Williams, 65 F.4th 564, 590 (11th Cir. 2023).  Second, Johnson's conspiracy claim is based entirely on speculation.  He alleges no facts to support his suspicion that Defendants reached an agreement.  So, the claim would fail even if Johnson had stated an actionable wrong as the object of the conspiracy.

ii.  *Civil Theft*

Johnson accuses Defendants of "taking and destroying several of his personal property items without just cause." (Doc. #30 at 17.)  This claim also arises from the same nucleus of operative fact as the retaliation claim, so the Court will consider it.

"Under Florida law, a plaintiff stating a claim for civil theft must allege the defendant (1) knowingly (2) obtained or used, or endeavored to obtain or use, the plaintiff's property with (3)

- 13 -

'felonious intent' (4) either temporarily or permanently to (a) deprive the plaintiff of the right or benefit of the property, or (b) appropriate the property to the defendant's own use or the use of another." Omnipol A.S. v. Multinational Defense Servs., LLC, 32 F.4th 1298, 1307-08 (11th Cir. 2022). A defendant who "does not personally receive property which is the subject of an alleged conversion or civil theft cannot be held liable for such action." Gokalp v. Unsal, 284 So. 3d 1097, 1099 (Fla. 4th DCA 2019).

Johnson does not state a civil theft claim against any defendant. According to the Amended Complaint, Brown and other officers—not the other defendants—removed Johnson's property from his cell after imposing property restriction for an alleged rule violation. An unnamed "property officer" returned some of Johnson's property a few days later, and Johnson told him some items were missing. The officer said he would return with a missing property form, but he never did. Accepting these allegations as true, Johnson does not plausibly allege that any defendant took his property with felonious intent. His assertion that Brown, Grant, or Mathewson took or destroyed his property is mere speculation. The Court will dismiss Johnson's civil theft claim.

### iii. *Sexual Harassment*

Johnson accuses Defendants of "making improper and unprovoked sexual advances and comments to him." (Doc. #30 at 17-18.) This

claim is not based on a common nucleus of fact with the retaliation claim, so the Court declines to exercise supplemental jurisdiction over it.

iv.  *Pain and Suffering and Mental Anguish*

Johnson's claims for pain and suffering and mental anguish are barred by 42 U.S.C. § 1997e(e), which states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." De minimis injuries are not sufficient to overcome § 1997e(e). Mitchell v. Brown v. Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2010).   Johnson's claims of physical injury—a runny nose, numb feet, and pain in his neck, shoulders, back, and knees—are de minimis.   Johnson cannot recover damages for temporary discomfort because "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citation omitted).   The Court will dismiss Johnson's final two counts.

**F.** Punitive Damages

Defendants next argue the Prison Litigation Reform Act bars punitive damages.   Not so.   While 18 U.S.C. § 3626(a) erects guardrails on the prospective relief available to inmates challenging prison conditions, it does not outright bar punitive

damages.  "In the Eleventh Circuit, in some circumstances, punitive damages may be awarded in a § 1983 action even without a showing of actual loss by the plaintiff if the plaintiff's constitutional rights have been violated."  Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996) (cleaned up).

In Hoever v. Marks, the Eleventh Circuit overturned prior precedent and held that 42 U.S.C. "§ 1997e(e) permits claims for punitive damages without a physical injury requirement."  993 F.3d 1353, 1364 (11th Cir. 2021).  Like Johnson, Hoever sued corrections officers for retaliating against him for filing grievances.  A jury awarded Hoever nominal damages of $1.  The Eleventh Circuit explained that the availability of punitive damages is an important deterrent in such cases and held that Hoever was entitled to an opportunity to obtain punitive damages.  Id.  Johnson is likewise entitled to seek punitive damages if his retaliation claim is successful.

Accordingly, it is hereby

**ORDERED**:

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #32) is **GRANTED in part and DENIED in part.**

1. Counts 2, 3, 4, 6, and 7 are dismissed for failure to state a claim.

2. Count 5 is dismissed without prejudice for lack of subject-matter jurisdiction.

**3.** Defendants must answer the Amended Complaint within 14 days of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of August 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
All parties